IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| QUASIM BOLLING, ) | |
| ) | |
| Plaintiff, ) | 14 C 1574 |
| ) | |
| v. ) | Judge John Z. Lee |
| ) | |
| GREGORY KILMASZEWSKI, ) | |
| LAWRENCE WILLEMS, THE CITY OF ) | |
| CHICAGO, and THE ILLINOIS POLICE ) | |
| DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Quasim Bolling has sued Defendants Gregory Kilmaszewski, Lawrence Willems, the City of Chicago, and the Illinois Police Department[1] for false arrest, excessive force, unreasonable search, and unlawful post-arraignment, pretrial detention pursuant to 42 U.S.C. § 1983, as well as malicious prosecution under state law. Defendants Kilmaszewski and Willems have moved for summary judgment. For the following reasons, the motion is granted.

---

[1] The case docket shows that the City of Chicago and the Illinois Police Department were never served in this case, which indicates that Bolling did not provide the U.S. Marshals with the forms necessary to execute service of process on these defendants. Moreover, Bolling has failed to prosecute his claims against these Defendants by failing to inquire as to why service has not been executed during the entire pendency of this case. The Court therefore dismisses the claims against the City of Chicago and the Illinois Police Department for failure to prosecute.

## Factual Background

The following facts are undisputed. Bolling was walking down a street in Chicago, when he was stopped, searched, and arrested by two Chicago police officers, Defendants Gregory Kilmaszewski and Lawrence Willems, on December 11, 2011. Defs.' LR 56.1(a)(3) Stmt. ¶ 2. Bolling was charged with resisting a peace officer under Chicago Municipal Code 2-84-300 and possession of a controlled substance under 720 Ill. Comp. Stat. 570/402(c). *Id.* ¶ 6. The next day, Judge Maria Kuriakos-Cesil found probable cause to detain him for the charged offenses. *Id.*

Judge Ann O'Donnell presided over a preliminary hearing on January 3, 2012, in which the prosecutor stated she did not wish to prosecute the resisting arrest charge and would only prosecute the possession of a controlled substance charge. *Id.* ¶¶ 7, 10. Judge O'Donnell found probable cause for the arraignment on the charge of possession of a controlled substance. *Id.* ¶ 9.

Bolling moved to quash his arrest and to suppress the bag of heroin, and a motion hearing was held on September 24, 2012, before Judge Matthew Coghlan. *Id.* ¶ 11. Officer Kilmaszewski and Bolling testified during the hearing.

According to Officer Kilmaszewski, in the evening of December 11, 2011, he and Officer Willem were dressed in plain clothes in an unmarked car patrolling an area known for narcotic sales. Defs.' Ex. M, Hr'g Tr. of 9/24/12, at 24–26. As Officer Willem drove into an alley, Officer Kilmaszewski made eye contact with Bolling, who was about ten feet away. *Id.* at 26. Officer Kilmaszewski saw him place a shiny, golf-ball-sized object into his mouth. *Id.* at 26, 28. The officer testified that, during his

2

nine years of experience as a patrol officer, he had observed people secrete bags of drugs into their mouths in this manner hundreds of times, and that 99% of the time, the contents of the bags tested positive for narcotics. *Id.* at 26–28. He stated that, based on his experience, he suspected that Bolling had just placed a bag of narcotics in his mouth. *Id.* at 24–26.

Officers Kilmaszewski and Willem then got out of the car and approached Bolling, who started running away. *Id.* at 28. Bolling kept running even after Officer Kilmaszewski announced that they were police officers and told Bolling to stop. *Id.* When Officer Kilmaszewski caught up to him and grabbed his jacket, Bolling pulled away repeatedly. *Id.* at 29. Officer Kilmaszewski then used an emergency take-down to get Bolling to the ground. *Id.* As Officer Kilmaszewski held Bolling on the ground, the officers ordered Bolling to spit out the object he had in his mouth. *Id.* at 31. Bolling complied and spat a shiny round object onto the ground. *Id.*

For his part, Bolling admitted that he had a bag of heroin in his mouth when the officers stopped him. *Id.*

Based on the hearing, Judge Coghlan concluded that the officers had reasonable suspicion to stop Bolling and investigate further after Officer Kilmaszewski saw Bolling insert what he believed to be narcotics in his mouth and run away. *Id.* at 46–47. But Judge Coghlan held that the officers lacked probable cause to search Bolling by ordering him to spit the bag out of his mouth, and, accordingly, the motion to suppress the heroin and to quash the arrest was granted. *Id.* at 47–48.

Later, on October 22, 2012, the prosecutor indicated that the government did not wish to prosecute the charge of possession of a controlled substance. Defs.' LR 56.1(a)(3) Stmt. ¶ 15.

On March 6, 2014, Bolling filed a complaint alleging he had been arrested and searched without probable cause, along with an application to proceed *in forma pauperis*. Compl. ¶ 6, ECF No. 1. The Court granted Bolling's *in forma pauperis* application on March 31, 2014. 3/31/14 Order, ECF No. 6. Bolling subsequently amended his complaint several times, and in his Third Amended Complaint, he alleged that he had been arrested and searched without probable cause, that the officers had used excessive force during the arrest, and that he had not engaged in any criminal activity to warrant prosecution or detention. 3d Am. Compl. ¶ IV.

Defendants moved to dismiss the Third Amended Complaint as barred by the statute of limitations. Mot. Dismiss, ECF No. 72. The Court denied the motion, holding that Bolling had not pleaded himself out of court and that the statute of limitations affirmative defense would be addressed on a summary judgment motion. 7/24/15 Order, ECF No. 80. Defendants' motion for summary judgment is now before the Court.

## **Legal Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Shell v. Smith*, 789 F.3d 715, 717 (7th Cir. 2015). To survive summary judgment, the nonmoving party must "do more than

4

simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and instead must "establish some genuine issue for trial such that a reasonable jury could return a verdict in her favor." *Gordon v. FedEx Freight, Inc.*, 674 F.3d 769, 772–73 (7th Cir. 2012).

The evidence considered for summary judgment "must be admissible if offered at trial, except that affidavits, depositions, and other written forms of testimony can substitute for live testimony." *Malin v. Hospira, Inc.*, 762 F.3d 552, 554–55 (7th Cir. 2014). The Court gives the nonmoving party "the benefit of conflicts in the evidence and reasonable inferences that could be drawn from it." *Grochocinski v. Mayer Brown Rowe & Maw, LLP*, 719 F.3d 785, 794 (7th Cir. 2013).

Moreover, Federal Rule of Civil Procedure 56 requires a court to grant a summary judgment motion "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party has the initial burden of establishing that there is no genuine issue of material fact. *See Celotex,* 477 U.S. at 322. Once the moving party has sufficiently demonstrated the absence of a genuine issue of material fact, the nonmoving party must then set forth specific facts showing there are disputed material facts that must be decided at trial. *See id.* at 321–22.

## Analysis

### I. Federal Claims

#### A. Claims of Excessive Force, Unlawful Search, and False Arrest

Defendants Kilmaszewski and Willems argue that Plaintiff's claims for excessive force, unlawful search, and false arrest are time-barred. The statute of limitations for § 1983 claims filed in Illinois is "governed by Illinois's personal-injury statute of limitations, which is two years." *Rosado v. Gonzalez*, 832 F.3d 714, 716 (7th Cir. 2016). "While state law determines the length of the limitations period, federal law determines the date of accrual of the cause of action." *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). A claim under § 1983 "accrues when the plaintiff knows or should know that his or her constitutional rights have been violated. *Logan v. Wilkins*, 644 F.3d 577, 581–82 (7th Cir. 2011).

Excessive-force claims accrue "immediately." *Evans v. Poskon,* 603 F.3d 362, 363 (7th Cir. 2010). Unlawful-search claims accrue at the time of the search. *Neita v. City of Chi.*, 830 F.3d 494, 498 (7th Cir. 2016). And false-arrest claims accrue when the § 1983 plaintiff "appear[s] before the examining magistrate and [is] bound over for trial." *Wallace v. Kato*, 549 U.S. 384, 391 (2007).

Based on the undisputed facts in this case, Bolling's excessive-force[2] and unlawful-search claims accrued on December 11, 2011, and his false-arrest claim

---

[2] Having failed to argue otherwise, Bolling waives any argument that his excessive force claim accrued later than the date on which it occurred.

accrued on December 12, 2011, when Judge Kuriakos found probable cause to bind Bolling over for trial. Defs.' LR 56.1 Stmt. ¶ 6.

Bolling filed his lawsuit two years, two months, and approximately twenty-two days later, on March 6, 2014. *See* N.D. Ill. L.R. 3.3(d)(2). When asked if there was any reason he did not file his lawsuit earlier or whether there was anything that prevented him from doing so, Bolling responded "No." Defs.' LR 56.1 Stmt. ¶ 24; *see id.* ¶¶ 22, 23. Because Bolling has failed to raise a genuine issue as to a material fact regarding whether his claims are time-barred, the Court grants Defendants' summary judgment motion as to these claims.

### B. Claims of Unlawful Post-Arraignment Detention

Bolling also asserts that his post-arraignment detention violated his constitutional rights, because there was no probable cause to continue to detain him for resisting arrest or possession of a controlled substance. Defendants counter that any claim based on the prosecution for resisting arrest is time-barred. In addition, Defendants argue that there are no triable issues of fact regarding whether his post-arraignment detention for possession of a controlled substance was lawful.

#### 1. Claim of Unlawful Post-Arraignment Detention for the Charge of Resisting Arrest

Defendants argue that any claim based on his continued post-arraignment detention during the prosecution of the resisting-arrest charge is time-barred. Precisely when a Fourth Amendment claim like this one accrues is an open question in this circuit. *See Manuel v. City of Joliet*, 137 S. Ct. 911, 922 (2017) (remanding for the Seventh Circuit to determine whether an unlawful post-arraignment detention

7

claim accrued upon arrest or upon favorable termination of the proceedings); *see also* 7th Cir. Ct. of Appeals, Docket No. 14-1581, *Manuel v. City of Joliet* (awaiting decision on remand). But even applying the most generous of accrual rules, the charge of resisting arrest was dropped on January 3, 2012, and, as of that date, Bolling's continued incarceration was no longer based on that charge. After that point, his continued detention was based on the possession charge. Bolling filed the instant complaint over two years later, on March 6, 2014. *See* Defs.' LR 56.1(a)(3) Stmt. ¶¶ 7, 10. Furthermore, as discussed above, Bolling has not established a triable issue of fact as to whether any exception to the statute of limitations applies or whether tolling or estoppel is justified. Accordingly, Bolling's claim of unlawful post-arraignment detention for the charge of resisting arrest is untimely, and the Court grants Defendants' summary judgment motion in this regard.

### 2. Claim Based on Post-Arraignment Detention for the Charge of Possession of a Controlled Substance

Next, the Court addresses Bolling's claim that he was unlawfully detained after his arraignment for the charge of possession of a controlled substance. As an initial matter, Defendants have not presented any legal argument or case law regarding whether this claim is untimely. *See* Defs.' Mem. Supp. Summ. J. 3–7, 15. The Court thus deems the arguments waived. *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) ("[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived . . . ."). As a result, the Court proceeds to the merits of the claim.

8

In *Manuel v. City of Joliet*, the Supreme Court held that pretrial detention without probable cause may violate the Fourth Amendment "not only when it precedes, but also when it follows, the start of the legal process." 137 S. Ct. at 913. In particular, the Supreme Court held that a plaintiff may assert a Fourth Amendment claim where a "judge's determination of probable cause [i]s based solely on fabricated evidence." *Id.* at 914. Post-*Manuel*, the Seventh Circuit has reaffirmed its position that "there is no free-standing constitutional tort of malicious prosecution, though there are other constitutional rights (e.g., such as those under the Due Process Clause and the Fourth Amendment) that protect people against abusive arrests, fabrication of evidence, etc." *Hurt v. Wise*, 880 F.3d 831, 843 (7th Cir. 2018).

Here, Bolling does not contend that Defendants fabricated evidence by planting the heroin on him or by creating false police reports stating he possessed heroin when he did not. Rather, Bolling admits that he possessed a bag of heroin when Defendants encountered him. Defs.' Ex. M, Hr'g Tr. of 9/24/12, at 11. Because Bolling has not established a triable issue as to whether the judge's determination of probable cause for the possession charge was based solely on fabricated evidence, no reasonable jury could find in Bolling's favor as to this claim, and summary judgment is warranted.

## II. Malicious Prosecution Under State Law

Next, Defendants assert that Bolling's state-law malicious-prosecution claim is barred by Illinois's one-year statute of limitations for tort claims brought against an employee of a local entity, 745 Ill. Comp. Stat. 10/8-101(a). *See* Defs.' Mem. Supp.

9

Renewed Mot. Summ. J. at 9–10. In Illinois, a malicious-prosecution claim accrues when "the criminal proceeding on which it is based has been terminated in plaintiff's favor." *Ferguson v. City of Chi.*, 820 N.E.2d 455, 459 (Ill. 2004). "[A] criminal proceeding has been terminated in favor of the accused when a prosecutor formally abandons the proceeding via a *nolle prosequi*, unless the abandonment is for reasons not indicative of the innocence of the accused." *Swick v. Liautaud*, 662 N.E.2d 1238, 1242–43 (Ill. 1996).[3]

The charge of resisting arrest was nonsuited on January 3, 2012, and the charge of possession of a controlled substance was dismissed via a *nolle prosequi* on October 22, 2012. Defs.' LR 56.1(a)(1) Stmt. ¶¶ 10, 15. For the purpose of assessing the timeliness of Bolling's malicious-prosecution claim, they accrued on those dates. Bolling filed his complaint against Defendants, who are employees of the City of Chicago, on March 6, 2014, more than a year after the claims accrued. And, as discussed above, Bolling has not established that equitable tolling or estoppel applies or that he satisfies any exception to the statute of limitations. The Court therefore grants Defendants' motion for summary judgment as to this claim.

## Conclusion

For the above-stated reasons, Defendants Kilmaszewski and Willems' motion for summary judgment is granted [212], and judgment will be entered in their favor.

---

[3] "A *nolle prosequi* is a formal entry of record whereby the prosecuting attorney declares that he is unwilling to prosecute a case." *Ferguson*, 820 N.E.2d at 460.

10

The claims against Defendants City of Chicago and the Illinois Police Department are dismissed for failure to prosecute. Accordingly, this case is hereby terminated.

**IT IS SO ORDERED.**  ENTERED  8/24/18

_____
**John Z. Lee**
**United States District Judge**

11